# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Denise Foley <br><br> Plaintiffs, <br><br> vs. <br><br> North Wildwood City, <br> JOHN DOE (s) fictitious names of Defendants A thru Z. <br><br> Defendant(s). | CASE NO <br><br> Civil Action <br><br><br> **COMPLAINT** |

Plaintiff Denise Foley by way of complaints by way of complaint against Defendant states

## JURISDICTION

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs allege a violation of the Federal Fair Housing Act, Americans With Disabilities Act (ADA) and the Rehabilitation Act of 1973.

## PARTIES.

2. Denise Foley resides at 465 East 24th Street, North Wildwood, Cape May County, New Jersey. Defendant North Wildwood is a municipal government located in Cape May County, New Jersey. It receives funding from the United States of American.

## FIRST COUNT.

3. Denise Foley has dystonia is disabled and has a close girlfriend who is a frequent quest at her house son is disabled and uses a wheelchair. The disabled son hereafter is referred to as BS.

4. As a result of her disability and her girlfriends' sons' disability she requested the following accommodations for the use of her house.

   **a.** **Pathway Pavers** – Foley requested to install pavers down the side path of our yard to assist wheelchairs, canes and walkers. The accommodation was denied when North Wildwood withdrew from mediation. . The first request was March 5, 2020.  Mediation ended March 9 2022

  b. **Garden Pavers** – Foley requested to install pavers, contracted and already paid for, in a very small landscaped area in her driveway directly connected to the driver's side of our car, so that disabled/handicap persons can step safely out of a car onto a flat surface. Foley first made the following accommodations on March 5, 2020 and was denied when North Wildwood withdrew from medication on March 9, 2022.

  c. **Gate/Fence** – Foley was given permission by North Wildwood via email to move her fence out several inches, contracted and already paid for, to accommodate a wheelchair. Based on North Wildwoods approval, she moved her fence out 10 inches, North Wildwood in January, 2022 has issued Municipal code citation for said accommodation. The accommodation was denied on March 9, 2022 when North Wildwood withdrew from mediation. Previously, the accommodation was approved on October 26, 2020 then denied on January 19, 2022. Then subsequently, received a court summons.

  d. Driveway- North Wildwood is attempting to reduce her current disabled/handicap, contracted, already paid for and approved parking due to her requesting disabled/handicap modifications and for reporting them to HUD. The accommodation was denied on March 9, 2022 when North Wildwood withdrew from mediation. On many occasions North Wildwood was informed she could not use the parking space

  e. Safety Rail/Bollards - North Wildwood is attempting to turn an officially dedicated disabled/handicap area, which has always been blocked by a fire hydrant, electrical pole, guy wires and safety rail, directly located at the bottom of the 24th Ave wheelchair ramp and also directly connected to her property, into an open public throughway – this is where we load/unload disabled/handicap persons

  f. Obstructing Electric Meter Platform – Foley requested to remove a UCC non-compliant electric meter platform obstructing wheelchair access to our home and replace it with a folding platform that was contracted and already paid for.

The denial of Foleys' request for reasonable accommodation is a violation of the Americans with Disabilities Act (ADA), the federal Fair Housing Act (FHAA) the Rehabilitation Act of 1973 and the New Jersey Law Against Discrimination (LAD).

5.  Foley sustained emotional distress as a result of the aforementioned discrimination.

6.  Specially, Defendant violates the FHA, ADA, and Section 504 of the Rehabilitation Act and the LAD.

7.  Defendants refused to grant a reasonable accommodation when it denied Plaintiff's application and request for a reasonable accommodation. Such accommodation to its rules, policies, and practices,

2

including its zoning code, was necessary to afford Plaintiffs and other individuals with disabilities an equal opportunity to use and enjoy a dwelling in a residential neighborhood.

It ignored well established law that a government entity must show a requested accommodation Is "unreasonable," the municipality must demonstrate that it could not have granted the accommodation without (1) imposing undue financial and administrative burdens; (2) imposing an undue hardship on the municipality; or (3) requiring a fundamental alteration in the nature of the zoning program. <u>Hovsons, Inc. v. Twp. of Brick , 89 F.3d 1096, 1104 (3d Cir. 1996).</u>

8. The accommodations requested would not have imposed an undue administrative burden or expense upon Defendant and would not have resulted in a fundamental alteration of Defendant's zoning code or any other program or activity of the Defendants'.

### FEDERAL FAIR HOUSING ACT.

The Plaintiffs' home is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

9. Plaintiff and her friends' son BS are "handicapped" within the meaning of 42 U.S.C. § 3602(h).

10. The actions described above constitute the policy of Defendant and were taken under color of state law.

11. The enactment of the FHAA was "a clear pronouncement of a national commitment to end the unnecessary exclusion of persons with handicaps from the American mainstream." <u>Helen L. v. DiDario, 46 F.3d 325, 333 n. 12. (3d Cir.)</u> (quoting H.R.Rep. No. 711, 100th Cong., 2d Sess. 18, reprinted in 1988 U.S.C.C.A.N. 2173, 2179.

(1995). The House Report further states that the FHAA "is intended to prohibit the application of special requirements through land-use regulations ... that have the effect of limiting the ability of such individuals to live in the residence of their choice in the community." H.R.Rep. No. 711, 100th Cong., 2d Sess. 24, reprinted in 1988 U.S.C.C.A.N. 2173, 2185 (emphasis added).

Moreover, the FHAA was intended to "require that changes be made to ... traditional rules or practices if necessary to permit a person with handicaps an equal opportunity to use and enjoy a dwelling." Id. at 2186. the purpose of zoning law is "to prevent problems caused by the 'pig in the parlor instead of the barnyard.' " City of Edmonds v. Oxford House, Inc., 514 U.S. 725, 801 (1995) (quoting Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 388, (1926)). This result is consistent with "the broad remedial intent of Congress embodied in the [Fair Housing] Act." Havens Realty Corp. v. Coleman, 455 U.S. 363, 380 (1982). See City of Edmonds, 514 U.S. at -, 115 S.Ct. at 1780 (noting the Fair Housing Act's "'broad and inclusive' compass, and, therefore, according a 'generous construction' to the Act's complaint-filing provision") (quoting Trafficante v. Metropolitan Life Ins. Co., 409 U.S. 205, 209, 212 (1972)); see also Fair Housing Amendments Act, supra, at 763 ("The scope of the statute is sweeping, not only in the broad protections it affords, but also in the limited exceptions it allows.").

12. Defendant North Wildwood actions described above constitute:

    a. discrimination in the sale or rental, or otherwise making unavailable or a dwelling because of disability in violation of the FHA ,42 U.S.A. §3604(f)(1);

    b. a refusal to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford a person an equal opportunity to use and enjoy a dwelling in violation of the FHA, 42 U.S.C. §3604(f)(3)(B); and

    c. interference with the rights of persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged persons with disabilities in the exercise of enjoyment of rights granted or protected by the FHA in violation of 42 U.S.C. §3617.

13. Defendant North Wildwood actions described above were intentional and taken with willful disregard for Plaintiffs' rights.

14. Plaintiff is an aggrieved persons, as defined in 42 U.S.C. § 3602(i), who has suffered economic loss, emotional distress, and loss of his civil rights as a result of Defendant's conduct.

15. Plaintiff is without an adequate remedy at law.

16. Plaintiff will suffer irreparable harm if Defendant refuses to the accommodation requested by Plaintiff.

## AMERICANS WITH DISABILITIES ACT.

42 USC Sec. 12132. Discrimination.

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. In Cinnamon Hills Youth Crisis Centers, Inc. v. Saint George City 685 F.3d 917910th Cir. 2012) the Court explained. A claim for reasonable accommodation . . . does not require the plaintiff to prove that the challenged policy intended to discriminate or that in effect it works to exclude the disabled. Instead, in the words of the FHA, a reasonable accommodation is required whenever it "may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling." 42 U.S.C.§ 3604(f)(3)(B).

17. Plaintiff is a "qualified individuals with a disability" within the meaning of 42 U.S.C. § 12131(2) and C.F.R. § 35.104.

18. Defendant North Wildwood and Zoning are a "public entity" within the meaning of 42 U.S.C.§ 12131(1).

19. Defendant North Wildwood zoning activities, including the enactment of zoning ordinances; Administrative processes, hearings, findings, and "services, programs, or activities" of a public entity within the meaning of 42 U.S.C. sec 12132.

20. Defendant actions described above:

   a. constitute discrimination in violation of Title II of the ADA, 42 U.S.C. §12132, and its implementing regulation, 28 C.F.R. Part 35;

   b. exclude qualified individuals with disabilities from participation and deny them the benefits of the services, programs, or activities of a public entity on the basis of disability in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(a);

   c. afford qualified individuals with disabilities an opportunity to participate in or benefit from the services of a public entity that are not equal to those afforded others in violation of  Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. §35.130(b)(1)(ii);

   d. otherwise, limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. §35.130 (b)(1)(vii);

   e. fail to make reasonable modifications in policies, practices, or procedures necessary to avoid discrimination on the basis on disability in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(b)(7).

   f. utilize methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination of the basis of disability in violation of Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.130(b)(3);

   g. exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or

        entity is known to have a relationship or association in violation of Title II of the ADA, 42 U.S.C.§ 12132, and its implementing regulation, 28 C.F.R. § 35.130(g); and

   h.   interfere with an individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA in violation of Title V of the ADA, 42 U.S.C. § 12203(b).

21.   Defendant's North Wildwoods actions described above were intentional and taken with willful disregard for Plaintiffs' rights.

22.   Plaintiff is "person[s] alleging discrimination on the basis of disability" within the Meaning of 42 U.S.C. § 12133 who have suffered harm and damages by Defendant' sections described above.

23.   Plaintiff is without an adequate remedy at law.

24.   Plaintiff will suffer irreparable harm if Defendant North Wildwood refuse her request for accommodations.

25.   SECTION 504 OF THE REHABILITATION ACT. The Defendant North Wildwood City is a recipient of federal financial assistance.

26.   Plaintiff is a "qualified individuals with a disability" within the meaning of 29 U.S.C. §794(a).

27.   Defendant North Wildwood zoning activities, including the enactment of zoning ordinances; administrative processes, hearings, findings, and recommendations by either its Zoning Administrator or its Zoning and Planning Commission, and decisions by its City Council, are" programs or activities" of a unit of local government within the meaning of 29 U.S.C. §794 (b)(1)(A).

28. Defendants actions described above constitute discrimination in violation of Section 504 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. §794, and its implementing regulation, 24 C.F.R. Part 8; No otherwise qualified individual with a disability in the United States, as defined by section 705(2) of this title, shall solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity that receiving Federal financial assistance or under any program or activity conducted.

   a. exclude qualified individuals with disabilities from participation in and deny them the benefits of the services, programs, or activities receiving federal financial assistance on the basis of disability others in violation of Section 504, 29 U.S.C. §794, and its implementing regulation, 24 C.F.R. 8.4(b)(1)(i);

   b. afford qualified individuals with disabilities an opportunity to participate in or benefit from the services, programs, or activities receiving federal financial assistance that are not equal to those afforded others in violation of Section 504, 29 U.S.C. § 794, and its implementing regulation, 24 C.F.R. 8.4(b)(1)(ii);

   c. otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service in violation of Section 504, 29 U.S.C. § 794, and its implementing regulation, 24 C.F.R. 8.4(b)(1)(viii); and

   d. fail to make reasonable modifications in policies, practices, or procedures necessary to avoid discrimination on the basis of disability in violation of Section 504, 29 U.S.C.§ 794, and its implementing regulations, 24 C.F.R. § 8.3, 24 C.F.R. 8.24, 24 C.F.R. § 8.28, and 24C.F.R. §8.33.

29. Defendant's actions described above were intentional and taken with willful disregard for

Plaintiffs' rights.

30. Plaintiff is an "persons aggrieved" within the meaning of 29 U.S.C. § 794a (a)(2) have suffered harm and damages by the actions of Defendant described above.

31. Plaintiff is without an adequate remedy at law.

32. Plaintiff will suffer irreparable harm if Defendants refuses to grant the variance.

33. New Jersey Law Against Discrimination.10:5-12.5 Regulation of land use, housing, Unlawful Discrimination- 12. a. provides. It shall be an unlawful discrimination for a municipality, County or other local civil or political subdivision of the State of New Jersey, or an officer, employee or agent thereof, to exercise the power to regulate land use or housing in a manner that discriminates on the basis of disability.

34. Defendant North Wildwood violated the ADA by not granting said reasonable accommodation.

To sum up the action against the Defendant North Wildwood violated the Fair Housing Act and/or the ADA and/or the Rehab act of 1973 and the New Jersey Law Against Discrimination by the below actions.

    a. The North Wildwood did not grant reasonable accommodations in regard to Plaintiffs' disability in the use of her properly.

    b. North Wildwood ignored well established law, denied said application with indifference. It is well established law that a government entity must show a requested accommodation is "unreasonable," the municipality must demonstrate that it could not have granted the accommodation without (1) imposing undue financial and administrative burdens; (2)imposing an undue hardship on the municipality; or (3) requiring a fundamental alteration in the nature of the zoning program. Hovsons, Inc. v. Twp. of Brick , 89 F.3d 1096, 1104 (3d Cir. 1996) ).

35. North Wildwood does not have a well-established policy and has not designated a responsible employee nor adopted a grievance procedures for the aforementioned civil rights laws.

36. Prior to filing suit the parties entered into conciliation with The United States Department of Housing and Urban Development. (HUD). On March 9, 2022 North Wildwood withdraw from conciliation.

Wherefore, Plaintiff seeks against North Wildwood Township:

    a). Damages under the LAD, the FHAA, the Rehabilitation Act of 1973 and Americans with Disabilities Act against Defendants North Wildwood,

    b). Injunctive relief under the LAD, the FHAA, the Rehabilitation Act of 1973 and ADA against Defendant North Wildwood

    c). Declaratory relief against Defendant North Wildwood.

    d). Attorney fees and costs of suit under the LAD, FHAA, Rehabilitation Act of 1973 and ADA against Defendant North Wildwood.

    WHEREFORE, demands judgment for:

    1) Injunctive relief.

    2) Attorney fees.

    3) Costs of suit.

    4) Damages under the LAD, and Fair Housing Act.

## SECOND COUNT

37. Plaintiff Foley repeats the allegations of the first count.

38. The failure to accommodate Foley as impacts BS on account of his disability.

39. Consequently, Foley is an aggregated person under the Fair Housing Act because the use of the

property will be impaired by lack of access to BS and therefore effect negatively the companionship and comradeship of BS and his family.

40.     Wherefore, the Plaintiff Foley demands judgment under the Fair Housing Act for

   a).   Damages under FHAA.

   b).   Injunctive relief under the FHAA,

   c).   Declaratory relief under the FHAA.

   d).   Attorney fees and costs of suit under the FHAA.

### THIRD COUNT.

41.     The Plaintiff repeats the allegations of the first two counts

42.     Because of the request for her accommodators especially with her conciliation attempts with the HUD North Wildwood has retaliation against her.

43.     Specially, North Wildwood issued a municipal court violation in North Wildwood Municipal Court on January 19, 2022 after North Wildwood 8 days after North Wildwood appointed new township counsel.

44.     The Municipal Court charge involved issues that were in conciliation and the charges were used as a bargaining chip for the conciliation. Said prosecution is a sham in retaliation for her exercise of her civil rights and her freedom of expression and association.

45.     On numerous other matters North Wildwood has declined to enforce the laws in regard to third parties and on June 13 , 2022 the police informed her they could not assist her because of pending litigation.

46.     As a result the plaintiff sustained emotional distress.

Wherefore, Plaintiff demands judgement for

    a).   Damages under FHAA, LAD, ADA

    b).   Injunctive relief under the FHAA, LAD, Rehabilitation and ADA.

    c).   Declaratory relief under the FHAA. LAD, Rehabilitation and ADA.

    d).   Attorney fees and costs of suit under the, FHAA, LAD, Rehabilitation and ADA.

47. JOHN DOE (s) fictitious names of Defendants A thru Z, are Defendants who conspired, aid and abetted and/or in its own right retaliated against Plaintiff Foley

48. Therefore, they are liable to Plaintiff.

Wherefore, Plaintiff Foley demands judgment against North Wildwood for:

    a).   Injunctive relief under the LAD, and Rehabilitation Act of 1973 and Fair Housing ACT.

    b).   Attorney fees and costs of suit.

    c).   Damages for economic loss and emotional distress under the LAD and Fair Housing Act.

    d).   Putative Damages under the LAD and Fair Housing Act.

## FOURTH COUNT.

49. The Plaintiff repeats the allegations of the FOURTH COUNT.

50. JOHN DOE (s) fictitious names of Defendants A thru Z, are Defendants who conspired, aid and abetted and/or in its own right in the discrimination against Plaintiff Foley

51. Therefore, they are liable to Plaintiff Foley.

Wherefore, Plaintiff Foley demands judgment for

    a).   Injunctive relief under the LAD, ADA, Rehabilitation Act of 1973 and Fair Housing Act.

    b).   Attorney fees and costs of suit.

c).  Damages for economic loss and emotional distress under the LAD and Fair Housing Act.

d).  Putative Damages under the LAD and Fair Housing Act.

DATED:  June 13, 2022.        s/Anthony J. Brady Jr.
                              ANTHONY J. BRADY, JR., ESQ.
                              1 Rose Ave.
                              Maple Shade NJ
                              Tel.: 561-603-6387
                              #044541984
                              Attorney for Plaintiffs

13